Case 1:25-cv-00101   Document 8   Filed on 06/18/25 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
June 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| REFUGIO SANTAMARIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:25-cv-00101 |
| | § | |
| BARACK HUSSEIN OBAMA | § | |
| | § | |
| Defendant. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is pro se Plaintiff Refugio Santamaria's "Complaint for a Civil Case" and "Amended Complaint for a Civil Case" (collectively, Santamaria's "Complaint").[1] Dkt. Nos. 1, 7. For the reasons discussed herein, it is recommended that the Court: (1) **DISMISS WITH PREJUDICE** Santamaria's Complaint; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 19, 2025, Santamaria sued Defendant, "Barrack Hussein Obama,"[2] for three trillion dollars stemming from the former president's alleged failure to renumerate him for

---

[1] Ordinarily, an amended complaint replaces the original complaint, which is thereafter treated as nonexistent. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam); *see also Washer v. Bullitt Cnty.*, 110 U.S. 558, 562 (1884) ("When a petition is amended by leave of the court, the cause proceeds on the amended petition."). The Court would be well within its authority to ignore Santamaria's original Complaint as superseded and assess his entitlement to relief exclusively on the basis of his amended Complaint. However, because pro se plaintiffs do not have the same training as an attorney, courts often accord them "some measure of latitude in [their] complaint and in the errors [they] might make." *Newsome v. E.E.O.C.*, 301 F.3d 227, 233 (5th Cir. 2002) (per curiam), *cert. denied*, 537 U.S. 1049 (2002). Out of an abundance of caution and because a more comprehensive analysis of the alleged facts and asserted arguments is likely to facilitate a more accurate result, the Court will treat Santamaria's original and amended Complaint as a single Complaint to the extent they can be read consistently with each other.

[2] Santamaria later identifies the Defendant as "Barack Hussein Obama." Dkt. No. 7 at 1. Because Santamaria further alleges that the Defendant granted him an "executive pardon" and otherwise extensively references

exposing government corruption pursuant to a "pardon." Dkt. No. 1 at 4. Santamaria claimed that former President Obama, "continues to follow me to this day without giving any payment." *Id*. Santamaria also filed an application to proceed in forma pauperis. Dkt. No. 2.

On May 22, 2025, Santamaria amended his Complaint. Dkt. No. 7. Santamaria now identifies the Defendant as "Barack Hussein Obama," and specifically asserts a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. § 1346(b)(1). *Id*. at 1–3. Santamaria elaborates the factual basis for his claim which the Court reproduces in full:

> Using as permission more or less the executive pardon granted me by Barack Obama I was able to expose the conglomerate of corrupt government officials and those of influence and power within the United States that exposed and diverted money they had acquired and used against me and my family illicitly as retribution for speaking up about their illegal practices;
>
> Since the issuance of this executive pardon there was an implied contract for the services I was to provide which encompassed much harassment, torment, ridicule, and violence with no compensation for my troubles. As stated in the Civil Cover Sheet I am seeking compensation for Omission of payment by an employee of the Government while acting within the scope of his office or employment.

*Id*. at 4.

As amended, Santamaria now seeks four trillion dollars in damages. *Id*. at 5.

## II.  LEGAL STANDARDS

### A.  *Federal Subject Matter Jurisdiction*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, federal courts have an independent obligation to examine their

---

the federal government, the Court assumes that Santamaria is referring to Barack Hussein Obama, the 44th President of the United States (hereinafter, "former President Obama."). *Id*. at 4–5.

own subject matter jurisdiction, even sua sponte. *Rivero v. Fid. Invs., Inc.*, 1 F.4th 340, 344 (5th Cir. 2021), *cert. denied*, 142 S.Ct. 1670 (2022) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

Federal courts presume that a plaintiff's case lies outside their limited jurisdiction and the plaintiff has the burden of showing otherwise. *Kokkonen*, 511 U.S. at 377; *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). There are two main types of subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000. *Id.* § 1332(a).

Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. The existence of a federal question must appear on the face of the plaintiff's well-pleaded complaint. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). Accordingly, the plaintiff must sufficiently establish either that "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 27–28 (1983). Though courts construe pro se pleadings liberally, they are still subject to the well-pleaded complaint rule. *Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 766 (2022); *Vela v. Manning*, 469 F. App'x 319, 321 (5th Cir. 2012) (per curiam).

Congress may also independently confer subject matter jurisdiction on the federal courts via statute, but only if Congress "clearly states" that the relevant statute is intended as jurisdictional. *Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023). Without subject matter jurisdiction, federal courts have no authority to adjudicate a case and must dismiss it. *Goodrich v. United States*, 3 F.4th 776, 779 (5th Cir. 2021); Fed. R. Civ. P. 12(h)(3). Dismissal for lack of subject matter jurisdiction is without prejudice. *Carver v. Atwood*, 18 F.4th 494,

498 (5th Cir. 2021).

## B.   *Federal Pleading Standards*

Rule 12(b)(6) provides a procedural mechanism for dismissing actions that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). It is well established that district courts may dismiss actions under Rule 12(b)(6) sua sponte "as long as the procedure employed is fair." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam), *cert. denied sub nom. Bazrowx v. Johnson*, 525 U.S. 865 (1998). Fairness requires "both notice of the court's intention and an opportunity to respond." *Hager v. DBG Partners, Inc.*, 903 F.3d 460, 464 (5th Cir. 2018) (quoting *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014)). A magistrate judge's recommendation of sua sponte dismissal, with an opportunity to object, provides adequate notice and fairness in this context. *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (per curiam), *cert. denied*, 586 U.S. 1149 (2019); *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998).

The Court is therefore authorized to evaluate a plaintiff's complaint to determine if it states a "legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002). To do this, the Court must accept as true the complaint's well-pleaded factual allegations and draw all reasonable inferences in Santamaria's favor. *White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 306 (5th Cir. 2021). The Court's analysis is limited to the pleadings and attachments thereto. *Webb v. City of Dallas, Tex.*, 314 F.3d 787, 790 (5th Cir. 2002), *reh'g en banc denied sub nom. Ann Tension Hereford Webb v. City of Dallas, TX*, 61 F. App'x 123 (5th Cir. 2003); *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015).

A complaint may be deficient by failing to meet Rule 8(a)'s pleading standards. Rule 8(a) requires pleadings seeking relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a) does

not require "detailed factual allegations," it demands more than conclusory recitations of legal elements or "naked assertions devoid of further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). Such "threadbare recitals" are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678.

Rule 8(a) does not impose a probability requirement, and courts must be mindful of speculating on the likelihood of success on the merits at the pleadings stage. *Id.*; *Twombly*, 550 U.S. at 556; *Priester v. Lowndes Cnty.*, 354 F.3d 414, 418 (5th Cir. 2004), *cert. denied*, 125 S.Ct. 153 (2004). Nonetheless, a complaint must raise the entitlement to relief above the speculative level. *Twombly*, 550 U.S. at 555. This requires sufficient factual matter by which a court may draw the reasonable inference that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. In other words, the plaintiff must plead facts that go beyond mere consistency with a defendant's liability; the prospect that a defendant has acted unlawfully must be *plausible*, not merely possible. *Id.*

Dismissals for failure to state a claim are with prejudice[3] unless there is any possibility that the complaint's defects might be cured by further factual support. *See Goodley v. Reno*, 81 F.3d 157 (5th Cir. 1996) (per curiam) ("Dismissal *with* prejudice under Rule 12(b)(6) is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.") (emphasis in original); *Guerrero v. Hauck*, 502 F.2d 579, 580–81 (5th Cir. 1974) (per curiam) (reversing district court's prejudicial dismissal of plaintiff's complaint when amendment could possibly cure pleading's

---

[3] This result follows from the fact that the Federal Rules of Civil Procedure treat dismissals for failure to state a claim as an adjudication on the merits, and therefore with prejudice. *See* Fed. R. Civ. P. 41(b); *Williams v. Dallas Cnty. Comm'rs*, 689 F.2d 1212, 1215 (5th Cir. 1982), *cert. denied sub nom. Williams v. Dallas Cnty. Sheriff*, 103 S. Ct. 2102 (1983). Indeed, unless a court's order specifies otherwise, dismissals are presumed to be with prejudice. *Mandawala v. Ne. Baptist Hosp., Counts 1, 2, & 11*, 16 F.4th 1144, 1155 (5th Cir. 2021), *cert. denied sub nom. Mandawala v. Ne. Baptist Hosp.*, 143 S. Ct. 89 (2022).

defects).

### C.     28 U.S.C. § 1915(e)(2) Screening

Section 1915, which authorizes and governs civil actions commenced in forma pauperis, provides, in part, that "the court shall dismiss the case at any time if the court determines that…the action…is frivolous or…fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Again, though pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," a plaintiff's pro se status does not offer an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when the "factual contentions are clearly baseless," such as when they describe "fanciful," "fantastic," and "delusional" scenarios. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). "A complaint fails to state a claim under § 1915(e)(2)(B)(ii) when it lacks sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Carmouche v. Hooper*, 77 F.4th 362, 366 (5th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). Dismissals under Section 1915(e) are with prejudice unless otherwise stated. *Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc), *cert. denied*, 522 U.S. 1058 (1998).

### III.     DISCUSSION

### A.     *The Court lacks subject matter jurisdiction over Santamaria's claim.*

After independent examination, the Court can find no basis on which to exercise

subject matter jurisdiction. Santamaria, as the plaintiff invoking the Court's authority, has the burden of establishing that subject matter jurisdiction in fact exists. *Kokkonen*, 511 U.S. at 377.

Santamaria asserts the existence of a federal question as the basis of subject matter jurisdiction. Dkt. No. 1 at 3; Dkt. No. 7 at 3. Originally, Santamaria cited various Texas state statutory provisions concerning theft as furnishing the relevant federal question. Dkt. No. 1 at 3–4. But state law causes of action are insufficient to present a federal question unless a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Santamaria does not show nor allege that his claim can meet these criteria if characterized as a state law action for theft, a traditional area of state judicial cognizance. *See Rogers v. Ray Gardner Flying Serv., Inc.*, 435 F.2d 1389, 1394 (5th Cir. 1970) ("Tort law has historically been left to the states."), *cert. denied*, 401 U.S. 1010 (1971).

Santamaria now relies on the FTCA as supplying the relevant federal question and characterizes his claim as implicating an "implied contract." Dkt. No. 7 at 3–4; 28 U.S.C.A. § 1346(b)(1). The relevant FTCA provision reads:

> [T]he district courts…shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages…for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

The FTCA, however, was designed to "remove the sovereign immunity of the United States from suits in tort[;]…[u]ppermost in the mind of Congress when it waived this immunity were the ordinary common law torts." *Young v. United States*, 498 F.2d 1211, 1218

(5th Cir. 1974). Consequently, "[t]hat claims based upon breach of contract are wholly alien to the [FTCA] is beyond question." *Id*. Santamaria's breach of contract claim plainly does not fall within the scope of the FTCA's cause of action and, thus, does not arise under it. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (Acknowledging that "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper…when the claim is so…completely devoid of merit as not to involve a federal controversy.") (internal quotations omitted). Furthermore, because, "in the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional," the failure of Santamaria's breach of contract claim also means the Court cannot rely on the FTCA's independent grant of subject matter jurisdiction to adjudicate this case. *Brownback v. King*, 592 U.S. 209, 217 (2021).

      Santamaria's last resort is diversity jurisdiction. Santamaria is domiciled in Brownsville, Texas, and is thus a citizen of Texas. Dkt. No. 1 at 1; Dkt. No. 7 at 1; *see Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) ("A United States citizen who is domiciled in a state is a citizen of that state."). Assuming Santamaria's assertion of domicile is accurate, former President Obama is a citizen of Illinois. Dkt. No. 1 at 1; Dkt. No. 7 at 1. Despite nominal diversity of citizenship, however, Santamaria has failed to establish the requisite amount in controversy. The amount in controversy is "determined by the amount claimed by the plaintiff in good faith." *Mas v. Perry*, 489 F.2d 1396, 1400 (5th Cir. 1974), *cert. denied*, 419 U.S. 842 (1974). However, conclusory, exaggerated, frivolous, or otherwise baseless allegations regarding the amount in controversy are insufficient to establish jurisdiction. *See Jones v. Kerrville Bus Line*, No. 07-526, 2007 WL 4299969, at *2 (W.D. La. Dec. 4, 2007) (holding claim for one million dollars in damages against a bus company for bypassing and stranding plaintiffs who had purchased tickets was "exaggerated and frivolous."), *aff'd sub nom. Jones v. Unknown Emps. of Kerrville Bus Line*, 281 F. App'x 386 (5th Cir. 2008); *Felton v.*

*Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003).

Santamaria's assertion of four trillion dollars in damages, originally three trillion, in connection with an alleged breach of contract to expose government corruption is conclusory and frivolous. Dkt. No. 1 at 4; Dkt. No. 7 at 5. Santamaria vaguely states that, pursuant to authority "more or less" derived from an executive pardon, he "expose[ed]…corrupt government officials" who retaliated against him and his family for "speaking up about their illegal practices." Dkt. No. 7 at 4. Santamaria further claims that his "services" involved "much harassment, torment, ridicule, and violence," and that his monetary claim is "in accordance with the amount of money that was exposed from illicit activity." *Id*. at 4–5. Critically, Santamaria does not identify the nature of his services rendered, any corrupt or illicit conduct which he exposed, or the specific harassment he allegedly suffered. Santamaria fails to provide or even describe the alleged "pardon" underpinning his claim; indeed, asserting the existence of an implied contract from a presidential pardon is nonsensical. It is apparent to a legal certainty that Santamaria cannot recover the amount claimed; therefore, he has not shown that the amount in controversy exceeds $75,000 as necessary to invoke diversity jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

Having exhausted all bases, the Court finds that it lacks subject matter jurisdiction over Santamaria's claim; Santamaria's claim, then, is subject to dismissal.

**B.**   ***Santamaria fails to state a claim upon which relief can be granted.***

The vagueness in Santamaria's pleadings is also fatal on the merits. Santamaria's claim is entirely predicated on fantastic and incredible "naked assertions," which warrant no presumption of truth, and lacks the critical factual content needed to elevate Santamaria's prospect of relief to plausibility. *Iqbal*, 556 U.S. at 678. Moreover, Santamaria does not allege any of the elements of a viable FTCA claim and, as explained, breach of contract is not a cognizable action under the FTCA, which alone warrants dismissal for failure to state a claim.

*See Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006) ("Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief."), *cert. denied*, 549 U.S. 825 (2006). Santamaria has failed to satisfy federal pleading standards for stating a cognizable claim; Santamaria's claim, then, is subject to dismissal.

### C. *Santamaria's claim is frivolous.*

Santamaria's failure to satisfy federal pleading standards for stating a claim additionally makes dismissal mandatory under the in forma pauperis statute. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Carmouche*, 77 F.4th at 366 (applying *Iqbal* pleading standard to § 1915(e)(2)(B)(ii)). Furthermore, Santamaria's allegations lack an arguable basis in law or fact and are, therefore, frivolous. *Neitzke*, 490 U.S. at 325.

Santamaria's basic position describes a fantastic and delusional scenario: that the former President of the United States issued him a pardon constituting an implied promise to compensate him for exposing government corruption to the sum of trillions of dollars. Dkt. No. 7 at 4–5; *Denton*, 504 U.S. at 32–33. What is more, the very premise of an implied contract stemming from a presidential pardon is unquestionably legally meritless. *Neitzke*, 490 U.S. at 327. A president's pardon releases persons from criminal liability and absolves them of guilt. *Illinois C.R. Co. v. Bosworth*, 133 U.S. 92, 103 (1890). It has no contractual consequences whatsoever. Santamaria's claim is legally and factually frivolous and subject to dismissal.

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DISMISS WITH PREJUDICE** Santamaria's Complaint; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V.  NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SIGNED** on this **18th** day of **June, 2025,** at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**